IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAYLON STEWARD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:23-cv-799 |
| | § | |
| | § | |
| FLORESTONE, LLC | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff, KAYLON STEWARD, files this Complaint and Jury Demand against Defendant FLORESTONE, LLC. alleging willful violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 1981, and the Texas Commission on Human Rights Act. For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, VENUE, AND
ADMINISTRATIVE EXHAUSTION**

1. Plaintiff, KAYLON STEWARD, is a resident of Grayson County, Texas.

2. Defendant FLORESTONE, LLC is an entity which can be served with Citation via its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company., at the following address: 211 E. 7th Street, Suite 620, Austin, TX 78701-3136. At all times relevant to this case, Defendant FLORESTONE, LLC acted as Plaintiff's employer.

3. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. Sec. 1981, and the Texas Commission on Human Rights Act in accordance with their provisions against race discrimination and retaliation. More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of race and on account of retaliation for participating in activity protected under Title VII, Section 1981, and the TCHRA.

4. This Court has jurisdiction to hear the merits of Mr. Steward's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Steward's claims arising under Texas statutory law under 28 U.S.C. §1367. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred within this district and division.

5. Plaintiff exhausted his administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division on November 13, 2021, within 180 days of his termination on September 2, 2021. Plaintiff received a Right to Sue notice from the U.S. Equal Opportunity Commission on or after June 22, 2023, and is filing this lawsuit within 90 days of receipt of the Notice. No notice of right to sue is needed for Mr. Steward's claims under the TCHRA or Section 1981.

## II.
## FACTUAL BACKGROUND

6. Mr. Steward was hired by the Defendant in October 2016 as a press worker. Mr. Steward is Black.

7. Over the course of Mr. Steward's employment with Defendant, he made several complaints about race discrimination. The first was when he was passed over for a promotion to the mixing room. Mr. Steward told the plant manager, Sean Donovan, that he felt like he was skipped over and that Mr. Steward had better attendance and production than Anthony, a non-Black employee who got moved into the open mixing position. Mr. Donovan told Mr. Steward that he didn't remember Mr. Steward asking about getting promoted. Mr. Steward was eventually promoted to the mixing room, sometime in late 2017.

8. The next time Mr. Steward opposed racial discrimination was when two Black employees were terminated. Mr. Steward thought it was discriminatory that they kept letting Black employees go, but not white or Latino employees, and complained to Mr. Donovan about that.

9. Sometime in 2019, Mr. Steward went to Mr. Donovan and Kevin Honeycutt, his supervisor, when another Black employee was skipped over for a mixing room position. They told Mr. Steward that they didn't remember the Black employee asking about the promotion.

10. In July 2021, Mr. Steward was reprimanded by Kevin Honeycutt for taking a break to cool off. Mr. Honeycutt told Mr. Steward to go home from his shift. Mr. Steward told him that he was just doing what all the white employees do. Mr. Steward asked Mr. Honeycutt why he was so much harder on the Black employees than on the white ones.

11. In August of 2021, a man named Adam Grimes, who is mixed white and Latino, was hired one week after a Black employee. Adam was then promoted to a sales job. On August 16, 2021, Mr. Steward went to Sean Donovan and asked to file a grievance, because only white people get promoted, and all the Black employees are only allowed to have production and janitorial jobs. Sean told Mr. Steward that it was not a union, so there was no way to file a grievance. After that, Mr. Steward also sent a text message to Tom, the regional manager, objecting to the same practice..

12. Mr. Steward's employment was terminated on September 2, 2021. There were white and Latino employees who did the same thing Mr. Steward did (leave early because of being required to work next to someone who had COVID-19) who did not get fired.

## III.
## CAUSE OF ACTION

### COUNT ONE:
### DISCRIMINATION AND RETALIATION UNDER TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SEC. 1981

13. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

14. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

15. Defendant is an employer within the meaning of Title VII.

16. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

17. 42 U.S.C. §1981 prohibits race discrimination and retaliation in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

18. Defendant intentionally discriminated against Plaintiff because of his race and in retaliation for his complaints of race discrimination in violation of Title VII and 42 U.S.C. §1981 by unlawfully discharging him. Plaintiff opposed a discriminatory employment practice by Defendant, and suffered materially adverse employment actions as a result in that Defendant terminated Plaintiff's employment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

19. Defendant's discrimination and retaliation against Plaintiff were committed with malice and  reckless indifference to the rights of Plaintiff and other racial minorities to "have the same right … To make and enforce contracts … as is enjoyed by other citizens" and to the intent of the statute to protect victims from unequal treatment.

## COUNT TWO
## DISCRIMINATION AND RETALIATION UNDER THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

20. <u>Discrimination</u>. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination on the basis of race, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that;

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff's race was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to subject Plaintiff to a racially hostile work environment, and to terminate Plaintiff's employment. Plaintiff's race moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

21. <u>Retaliation</u>. In addition, Defendant retaliated against Plaintiff for making discrimination complaints and for otherwise opposing race discrimination in employment by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

## IV.
## DAMAGES

22. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

23. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his race and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

24. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

25. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII, 42 U.S.C. Sec. 1981, and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VII.
## JURY DEMAND

26. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 2406088
ATTORNEY FOR PLAINTIFF